HUBBELL *v*. SYRACUSE IRON-WORKS *et al.*

(*Supreme Court, General Term, Fourth Department.* February, 1891.)

CORPORATIONS—DISSOLUTION—LIENS OF CREDITORS.

Where a corporation executes a mortgage to secure its bonds issued to a trustee, to be delivered by him to its creditors in payment of their claims, neither the bonds

nor the mortgage have any vitality until they are so delivered; and a creditor who has not demanded or received bonds before dissolution of the corporation and appointment of a receiver has no right to demand them on the ground that his debt existed when the mortgage was executed, nor has he a lien under the mortgage.

Appeal from special term, Onondaga county.

Action by Charles E. Hubbell, as receiver of the Syracuse Iron-Works, against the Merchants' National Bank and others, for an adjudication as to the validity of certain bonds issued by the Syracuse Iron-Works, and secured by a mortgage on its property. The bonds were executed and delivered to a trustee to be delivered to the creditors of the corporation in payment of their claims, or sold in the market by the trustee, and the proceeds applied to the payment of debts of the corporation. Charles B. Everson, when the mortgage was given, was the holder of a debt of $36,000 against the corporation, but he never demanded or received the bonds in payment of his claim. Subsequent to the mortgage the corporation was dissolved at the suit of creditors, and placed in the hands of a receiver. The receiver was directed to bring this suit to test the validity of some of the bonds. Charles B. Everson now claims that he is entitled to bonds in payment of his debt, or to have his debt declared a lien under the mortgage; but the special term held that, never having demanded or received the bonds, he was not entitled to them, and that his debt was a general indebtedness, not secured by the mortgage, and he had no higher claims than the other creditors of the corporation. Defendants appeal.

Argued before HARDIN, P. J., and MARTIN, J.

*Waters & McLennan*, for appellants. *Henry A. Mayhard*, for respondent. *W. G. Tracy*, for respondents Merchants' National Bank and others. *Knapp, Nottingham & Andrews*, for respondents the Robert Gere Bank and others. *Hiscock, Doheny & Hiscock*, for respondent Hiscock. *Wm. C. Holbrook*, for respondent Tower and others.

◊

HARDIN, P. J. After the bonds were executed in pursuance of the consent of the stockholders by the corporation, and delivered to the mortgagee, the legal title to the bonds was in the mortgagee. He held a legal title until he either sold the same in the market, or applied the same to a creditor or creditors in payment of the debts of the corporation, in accordance with the restrictions and limitations under which the bonds came into the hands of the mortgagee. Until he made a delivery of the bonds, their vitality as a security was not perfect, as was said in *Lord* v. *Fuel Gas Co.*, 99 N. Y. 556, 2 N. E. Rep. 909, viz.: "Where a bond of this description, having no previous vitality, is delivered to a creditor of the company to pay or secure his debt, the delivery of the bond is the act by which his debt becomes secured. The security to the creditor then for the first time comes into being, and is as effectual as if the mortgage were executed at the same time with the delivery of the bond. The effect is the same if the bond is sold to provide means to pay a debt existing at the time of the sale, and the proceeds are paid to the creditor. As held in the case of *Carpenter* v. *Black Hawk, etc., Co.*, 65 N. Y. 43, the statute prescribes no form in which the mortgage shall be made. The mode in which the mortgage lien shall be created is left to the company. All that is required is that the lien should be given to secure a legitimate debt of the corporation, and any appropriate and convenient form for accomplishing that end may be adopted." Until a creditor had received from the mortgagee and accepted the bond or bonds, he had no title to the same, either in law or in equity. *Dillon* v. *Barnard*, 21 Wall. 430.

Some of the minor questions raised by the appellants upon this appeal were decided adversely to them by this court in *Hubbell* v. *Iron-Works*, 42 Hun, 183. We must adhere to and follow that decision, so far as it applies to such questions. Concurring, as I do, in the opinion delivered by the

learned trial judge at special term in the result reached by him, I advise an affirmance of the judgment entered upon his decision.   Judgment affirmed, and one bill of costs payable to the respondents out of the funds.